Fred J. and Brenda S. Haupt

1513 Tiffany Park Circle

Santa Maria, California 93455

805-406-9418 fhauptiv@comcast.net

Plaintiffs in pro per



Fee Paid

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

**FRED J. AND BRENDA S. HAUPT**

      **PLAINTIFFS,**

v.

**NATIONSTAR MORTGAGE, LLC, and**

**NBS DEFAULT SERVICES, LLC**



      **DEFENDANTS.**

_____ /

**CASE NO.**

CV 16 - 06342 -GHK (SSx)

**COMPLAINT**

**WRONGFUL FORECLOSURE**



## COUNT 1- COMPLAINT FOR STATED ACCOUNT

    Comes now the Plaintiffs Fred J. and Brenda S. Haupt and sue the Defendant NATIONSTAR MORTGAGE, LLC. in the following legal action for a stated account and allege the following:

### JURISDICTION

1

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331 and 1332.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the Plaintiff and Defendant.

## VENUE

The Plaintiffs have resided in Santa Barbara County, California, at the address known as 1513 Tiffany Park Circle, Santa Maria, California, for all times material to this complaint.

The Defendant is a corporation doing business in the State of California with its principal place of business at 270 Park Avenue; New York, NY 10017, for all times material to this complaint.

## PLAIN STATEMENT

The Defendant was coerced into making a payment to a third party and upon making the payment, it was credited to the Defendant without the prior knowledge or consent of the Plaintiff. The payment was not applied property and not credited to the Plaintiff's account. The Defendant owes this money back to the Plaintiffs.

## ALLEGATIONS

1. The Plaintiffs transmitted a check dated January 8th 2016 that was made payable to Nationstar Mortgage via Plaintiffs JP Morgan account, in the amount of $2,318.48.

2. The Plaintiffs later received confirmation that the payment was received by a third party named "JP MORGAN CHASE BANK NA".

3. Using the same account information, the Defendant deducted an additional amount of $9.95 from the Plaintiffs' checking account, even though this amount was not authorized on the face of the instrument and without the prior notice or consent of the Plaintiffs.

4. The Plaintiffs sent a notice to the Defendant, stating the amount due and owing to

the Plaintiffs. The notice stated that the amount due back to the Plaintiffs was $2,328.43.

5.      The Defendant has failed to dispute the notice or object.

6.      Plaintiffs have attached true and correct copies of the check and payment confirmation as alleged herein, and labeled the same as Exhibit B.

WHEREFORE the Plaintiff demands judgment against the Defendant for the amount of $2328.43, together with costs and other relief deemed appropriate by this court.

## COUNT 11-

## COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the Plaintiffs Fred J. and Brenda S. Haupt and sues the Defendant NATIONSTAR MORTGAGE, LLC for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the Defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Santa Barbara County, California, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his

property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the Defendants.

At some time after this mortgage was recorded, the Defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Plaintiff is the mortgagor in a trust deed that was recorded on the date of March 19th 2007, in Santa Barbara County, California, in the amount of $350,000. The deed secured the payment of a promissory note made payable to 1st NATIONAL LENDING SERVICES, the lender stated on the trust deed. The trustee is listed as GREEN HEAD INVESTMENTS, INC.

There were no other parties identified as having an interest in this trust deed or having any rights there under, within the instruments, (note and trust deed). The Plaintiff sent a request to the lender and trustee on or about June T" 2016 requesting verification that the named Defendant was transferred, assigned or conveyed the rights under the trust deed and note. No response has been given as of this date. A true and correct copy is included with Exhibit A.

The Defendant has somehow acquired the personal and banking information of each of the Plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

The Plaintiff sent the Defendant a notice of dispute and request for validation after receiving a notice of default dated May 18th 2016.

Plaintiff received a notice of default dated May 18th 2016 from the Defendant in

which it stated that the Defendant was the "original trustee" or the "duly authorized trustee" for the beneficiary of the note and trust deed described herein, and that the communication was from a debt collector. The name appearing in the salutation was "Omar Solorzano" who is identified as a "Foreclosure Associate".

This notice is included with Exhibit A. On it face, the notice includes phrases or statements that appeared to be in a foreign language and the Plaintiff was unable to comprehend any of these.

The notice demanded payment of $23,474.30 and threatened that if payment in full was not made within an indeterminate amount of time, that the trustee or servicer (NBS or Nationstar) would sell the Plaintiffs property at a foreclosure auction.

## ALLEGATIONS

7.     Each and every of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

8.     Within the previous twelve months, the Defendant, and or its agent, NBS, LLC began sending written

communication to the Plaintiff stating that it was representing various parties having rights under the same trust deed, or at least Plaintiff understood that it was representing parties, including the other Defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the Plaintiffs property.

9.     Plaintiff asked the Defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

10.     The Plaintiff explained that the reason for these requests were, in part, because

none of these parties were named in the mortgage referenced by this Defendant.

11.     The Defendant and or its agent, NBS, LLC sent written communication to the Plaintiffs stating that it was representing various parties, or at least Plaintiff understood that it was representing parties, including the other Defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the Plaintiffs property.

12.     Plaintiffs asked the Defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

13.     The Plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this Defendant.

14.     Plaintiffs also asked the Defendant to explain how it obtained the personal and private banking, financial and identifying information of the Plaintiffs. The Defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

15.     The purported debt is not a debt held or collected under the name of the Defendant.

16.     The Defendant and or its agent, NBS, LLC made false representations that it was the holder of a note or promise to pay in which the Plaintiff owed the Defendant.

17.     The Defendant made false representations that it had rights to foreclose against the Plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the Plaintiff's property in the county where the property is situated.

18.     The Defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and

destination of illicitly-obtained money, specifically the Plaintiff's promissory note.

19.     First, the Defendant acquired a copy, forged or counterfeit version of the Plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

20.     Second, the Defendant and or its agent, NBS, LLC is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

21.     Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

22.     The Defendant and or its agent, NBS, LLC requested certain financial disclosures from the Plaintiff claiming that the disclosures would persuade the Defendant to cease its foreclosure actions provided that money was paid by the Plaintiff to the Defendant or its privies.

23.     The Defendant did not have the typical credit information of the Plaintiff, such asa social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

24.     The Defendant has used a false or fictitious name in the undertaking of its collection actions.

7

25.     The Defendant has used a name other than the true name of its business, company or organization.

26.     After several written requests, the Defendant has refused to identify its owners, principals or interests it claims to have in the Plaintiff's property. Instead of making these disclosures, Defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the Plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the Defendant or its privies.

27.     The Defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

28.     The Defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

29.     The Defendant and or its agent, NBS, LLC has threatened to undertake a foreclosure action against the Plaintiff when it has no such rights to do so.

30.     The Defendant falsely represented that if the Plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the Plaintiffs property at a public auction. The correspondences sent by the Defendant expressed this message while it may not have been written in these words, the Plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

31.     The Defendant delivered to the Plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

32.     The Defendant has falsely represented that the Plaintiff's credit accounts were sold to innocent purchases for value.

33.     The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

34.     Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

35.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36.     This is an action for damages exceeding $75,000.

        Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant, jointly and severally.

<div align="center">REQUEST FOR RELIEF</div>

        WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.      An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A);

B.       An award of costs of litigation and reasonable attorney's fees, if any, pursuant

to 15 U.S.C. § 1692k(a)(3);

C.       An award of actual damages;

D.       Pursuant to the seventh amendment to the Constitution of the United States of America,
Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.


## COUNT III - COMPLAINT FOR CONVERSION

Comes now the Plaintiffs Fred J. and Brenda S. Haupt and sue the Defendant

NATIONSTAR MORTGAGE, LLC in the following legal action to protect a private civil

right and to compel a civil remedy for damages resulting from the theft of the Plaintiff's

personal, financial, banking and identifying information, and alleges the following:

### PLAIN STATEMENT

This cause of action is not concerned with a foreclosure but does arise from the process
of the Defendant's involvement in conduction a foreclosure against the Plaintiffs.

The Defendant has represented itself as the "servicer" of the following trust deed

account.

The Plaintiff is the mortgagor in a trust deed that was recorded on the date of

March 19th 2007, in Santa Barbara County, California, in the amount of $350,000. The

deed secured the payment of a promissory note made payable to 1st NATIONAL

LENDING SERVICES, the lender stated on the trust deed. The trustee is listed as

GREEN HEAD INVESTMENTS, INC.

This complaint concerns the Defendant's actions and conduct whereby it

acquired the Plaintiff's private property which includes but is not limited to, credit records, financial information, banking information and other personal and private identifying information, known as the Plaintiffs "likeness", without authority.

The Defendant then used this information to make it appear as if it had some rights under the mortgage or trust deed and that it was was working with the lender in the trust deed, for the purpose of taking more of the Plaintiffs property and money.

The Defendant then proceeded to send written communications to the Plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the Plaintiff made more financial disclosures and modified payment arrangements to the Defendant. The Defendant pretended to help the Plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the Plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the Plaintiff.

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

## ALLEGATIONS

37.     The Plaintiffs re-allege the foregoing and incorporate each statement herein. Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

38.     Plaintiffs "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the Plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the Plaintiff for his own personal and professional benefits.

39.     Plaintiff owned, possessed, enjoyed and had the exclusive right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The Plaintiffs private records include the information appearing on his birth certificate, tax records, banking records, financial records, notes and related instruments, financial and other personal information and information that identifies the Plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

40.     Within the previous twelve months and continuing through the present day, the Plaintiffs were contacted by the Defendant and solicited for information including but not limited to personal and private identifying information, and credit, banking and financial information. Plaintiffs have reason to believe that the Defendant is owned and operated by individuals that are using the name of the Defendant to conduct this scheme to convert the Plaintiffs' property for its own purposes.

41.     The Defendant is being used to conceal the identities of these owners and other interested parties. The Defendant threatened the Plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the Defendant. Copies of these written communications are included with Exhibit A.

42.     The Defendant also made inquiries of the Plaintiff credit report but did not have a permissible purpose or obtained authority to make any inquiry of the Plaintiff's credit records.

43.     The Defendant obtained records from the public domain that pertain to the Plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the Plaintiff's home.

44.     Defendant has deliberately and willfully, falsely presented itself and impersonated itself to the Plaintiff as another person to obtain the Plaintiff's property for purposes not permitted by law or agreement.

45.     The Defendant had an affirmative duty to disclose the purposes for which it coerced Plaintiff's banking, personal, financial and identifying information.

46.     The Defendant's actions were deliberate and willful and negligent and careless. The Plaintiff was never provided with a disclosure of the Defendant's document retention policy or an explanation of the purposes for which the Plaintiff's private information would be used.

47.     The Plaintiff has never entered into any agreement or contract with the Defendant.

48.     Defendant converted the Plaintiff's property and rights to property by one or more wrongful acts or dispositions of Plaintiff's property rights.

49.     The damages suffered by the Plaintiffs exceed $500,000.

50.     The Defendant has taken the property and rights to property of the Plaintiff for its own personal use, profit and gain.

51.     Defendant knowingly obtained or used the Plaintiffs' property, with intent to, either temporarily or permanently deprive the Plaintiff of a right to the property or a benefit from the property; or appropriate the property to the use of any person not entitled to the use of the property.

52.     Plaintiffs requested a copy of the Defendant's document retention policy but this request was ignored.

53.     The Defendant intentionally and willfully violated the Plaintiff's rights to privacy and to keep his private and personal records private.

54.     The Defendant engaged in communications with the Plaintiff and deceived him into disclosing his private information. The Defendant accomplished this by using the information already available to the Defendant in the public domain to make it appear as if the Defendant had some legal rights to obtain more of the Plaintiff's private information, when the Defendant did not have such rights.

55.     After obtaining Plaintiffs' private information, Defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the either Plaintiff. The Defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the Plaintiff's identifying information.

56.     The Defendant has or intends to use the Plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the Plaintiff.

57.     The Defendant used this information to sell the Plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

58.     Since the date of December 12th 2015, and to the best of Plaintiffs' knowledge, the Defendant has been in possession of Plaintiff's private information, and without the consent of the Plaintiff and without legal authority.

<div align="center">DAMAGES</div>

The Plaintiffs have suffered damages as a direct and proximate result of the Defendant's actions and failures to act.

The Plaintiffs have suffered the loss of the actual fair market value of his home because the Defendant has been encumbering the Plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of Plaintiff's property in the amount of $270,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $350,000. 3. Unauthorized use and retention of Plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE Plaintiff demands judgment against the Defendant in the aggregate amount of damages alleged in the complaint exceed $500,000.00, together with other relief this court deems appropriate.

**COUNT IV - COMPLAINT FOR VIOLATIONS OF**

**FAIR DEBT COLLECTION**

**PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Comes now the Plaintiffs Fred J. and Brenda S. Haupt and sues the Defendant

NBS DEFAULT SERVICES, LLC for penalties and actual damages for unfair and

deceptive collection practices in violation of the Fair Debt Collection Practices Act, and

for other relief as set forth herein.

JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article

III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the Plaintiff and Defendant.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). of the Fair Debt

Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt

against the Plaintiff. The debt collection involves a purported debt for personal, family

or household purposes. Defendant is a debt collector as defined under Title 15 U.S.C.

§1692(a)(6) and is not excluded by any provision of what defines a "debt collector"

under this statute.

VENUE

The Plaintiffs have resided in Santa Barbara County, California, at the address

known as 1513 Tiffany Park Circle, Santa Maria, California, for all times material to this

complaint.

The Defendant is a limited liability company doing business in the State of California with its principle place of business at the address of 301 E. Ocean BLVD., Suite 1720, Long Beach, CA 90802, for all times material to this complaint.

PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the Defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Santa Barbara County, California, a true and correct copy of which is attached.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the Defendants

At some time after this mortgage was recorded, the Defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Plaintiff is the mortgagor in a trust deed that was recorded on the date of March 19th 2007, in Santa Barbara County, California, in the amount of $350,000. The deed secured the payment of a promissory note made payable to 1st NATIONAL LENDING SERVICES, the lender stated on the trust deed. The trustee is listed as GREENHEAD INVESTMENTS, INC.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## ALLEGATIONS

59.     Each and every of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

60.     Within the previous twelve months, the Defendant began sending written communication to the Plaintiff stating that it was representing various parties having rights under the same trust deed, or at least Plaintiff understood that it was representing parties, including the other Defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the Plaintiffs property.

61.     Plaintiff asked the Defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

62.     The Plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this Defendant.

63.     The Defendant sent written communication to the Plaintiffs stating that it was representing various parties, or at least Plaintiff understood that it was representing parties, including the other Defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the Plaintiffs property.

64.     Plaintiffs asked the Defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

65.     The Plaintiffs explained that the reason for these requests were, in part, because

none of these parties were named in the mortgage referenced by this Defendant.

66.     Plaintiffs also asked the Defendant to explain how it obtained the personal and private banking, financial and identifying information of the Plaintiffs. The Defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

67.     The purported debt is not a debt held or collected under the name of the Defendant.

68.     The Defendant made false representations that it was the holder of a note or promise to pay in which the Plaintiff owed the Defendant.

69.     The Defendant made false representations that it had rights to foreclose against the Plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the Plaintiff's property in the county where the property is situated.

70.     The Defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the Plaintiff's promissory note.

71.     First, the Defendant acquired a copy, forged or counterfeit version of the Plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

72.     Second, the Defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure

who initially received the money.

73.     Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

74.     The Defendant requested certain financial disclosures from the Plaintiff claiming that the disclosures would persuade the Defendant to cease its foreclosure actions provided that money was paid by the Plaintiff to the Defendant or its privies.

75.     The Defendant did not have the typical credit information of the Plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

76.     The Defendant has used a false or fictitious name in the undertaking of its collection actions.

77.     The Defendant has used a name other than the true name of its business, company or organization.

78.     After several written requests, the Defendant has refused to identify its owners, principals or interests it claims to have in the Plaintiff's property. Instead of making these disclosures, Defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the Plaintiff fails or refuses to provide more credit, banking, financial, personal. and other identifying

information, along with agreeing to make regular payments of money to the Defendant or its privies.

79.     The Defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

80.     The Defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

81.     The Defendant has threatened to undertake a foreclosure action against the Plaintiff when it has no such rights to do so.

82.     The Defendant falsely represented that if the Plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the Plaintiff's property at a public auction. The correspondences sent by the Defendant expressed this message while it may not have been written in these words, the Plaintiff understood that this was the message, and these correspondences are included with Exhibit A.

83.     The Defendant delivered to the Plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

84.     The Defendant has falsely represented that the Plaintiff's credit accounts were sold to innocent purchases for value.

85.     The Defendant failed to provide the Plaintiff with validation of debt within five

business days of contacting him.

86.     Based on these allegations, the consumer alleged violations of §§ 1692e(4) and

(5), and 1692g(a) and (b) of the FDCPA.

87.     The foregoing acts and omissions constitute numerous and multiple violations of

the FDCPA, including but not limited to each and every of the above-cited

provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

88.     This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's

fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every

Defendant, jointly and severally.


REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each

Defendant, jointly and severally, and Plaintiff be awarded damages from each

Defendant, as follows:

A.     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A);

B.     An award of costs of litigation and reasonable attorney's fees, if any, pursuant

to 15 U.S.C. § 1692k(a)(3);

C.     An award of actual damages;

D.    Pursuant to the seventh amendment to the Constitution of the United States
of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as
a matter of law.

## COUNT V - COMPLAINT FOR CONVERSION

Comes now the Plaintiffs Fred J. and Brenda S. Haupt and sue the Defendant
NBS DEFAULT SERVICES, LLC in the following legal action to protect a private civil
right and to compel a civil remedy for damages resulting from the theft of the Plaintiff's
personal, financial, banking and identifying information, and alleges the following:

### PLAIN STATEMENT

The Plaintiff is the mortgagor in a trust deed that was recorded on the date of
March 19th 2007, in Santa Barbara County, California, in the amount of $350,000. The
deed secured the payment of a promissory note made payable to 1st NATIONAL
LENDING SERVICES, the lender stated on the trust deed. The trustee is listed as
GREENHEAD INVESTMENTS, INC.

This complaint concerns the Defendant's actions and conduct whereby it
acquired the Plaintiff's private property which includes but is not limited to, credit
records, financial information, banking information and other personal and private
identifying information, known as the Plaintiff's "likeness", without authority.
The Defendant then used this information to make it appear as if it had some
rights under the mortgage or trust deed and that it was working with the lender in
the trust deed, for the purpose of taking more of the Plaintiff's property and money.
The Defendant then proceeded to send written communications to the Plaintiff
stating that it now either had rights to foreclose under the trust deed or that it was

working with other parties who had rights to foreclose, unless the Plaintiff made more

financial disclosures and modified payment arrangements to the Defendant.

The Defendant pretended to help the Plaintiff and lead him into making more and

more financial disclosures and then either discontinued the communication after it

obtained what it wanted, or created a situation to make it appear as if the Plaintiff did not

qualify, but then never returned or certified the destruction of the records and

information obtain about the Plaintiff.

## ALLEGATIONS

89.     The Plaintiffs re-allege the foregoing and incorporate each statement herein.

90.     Jurisdiction and venue are proper and this complaint is an action at law and is

properly before this court.

91.     Plaintiff's "private information", as the term is used in this complaint and accepted

commonly in our modern community, includes but is not limited to the likeness of the

Plaintiff, and his personal identifying information, banking, financial and credit

information, and any other personal information that is or can be used by the Plaintiff for

his own personal and professional benefits.

92.     Plaintiff owned, possessed, enjoyed and had the exclusive right to keep his

private information and records from third parties, and has a right to rely upon the third

party to only request such information for legitimate and legal purposes. The Plaintiffs

private records include the information appearing on his birth certificate, tax records,

banking records, financial records, notes and related instruments, financial and other

personal information and information that identifies the Plaintiff, such as his likeness,

photographs, videos, and other records which have not been deliberately published to

third parties.

93.     Within the previous twelve months and continuing through the present day, the Plaintiffs were contacted by the Defendant and solicited for information including but not limited to personal and private identifying information, and credit, banking and financial information. Plaintiffs have reason to believe that the Defendant is owned and operated by individuals that are using the name of the Defendant to conduct this scheme to convert the Plaintiffs' property for its own purposes.

94.     The Defendant is being used to conceal the identities of these owners and other interested parties. The Defendant threatened the Plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the Defendant. Copies of these written communications are attached along with Exhibit A.

95.     The Defendant also made inquiries of the Plaintiff credit report but did not have a permissible purpose or obtained authority to make any inquiry of the Plaintiff's credit records.

96.     The Defendant obtained records from the public domain that pertain to the Plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the Plaintiffs home.

97.     The Defendant has deliberately and willfully, falsely presented itself and impersonated itself to the Plaintiff as another person to obtain the Plaintiffs property for purposes not permitted by law or agreement.

98.     The Defendant had an affirmative duty to disclose the purposes for which it

coerced Plaintiffs banking, personal, financial and identifying information.

99.     The Defendant's actions were deliberate and willful and negligent and careless.
The Plaintiff was never provided with a disclosure of the Defendant's document retention
policy or an explanation of the purposes for which the Plaintiff's private information
would be used.

100.    The Plaintiff has never entered into any agreement or contract with the
Defendant.

101.    Defendant converted the Plaintiff's property and rights to property by one or more
wrongful acts or dispositions of Plaintiff's property rights.

102.    The damages suffered by the Plaintiffs exceed $500,000.

103.    The Defendant has taken the property and rights to property of the Plaintiff for its
own personal use, profit and gain.

104.    Defendant knowingly obtained or used the Plaintiffs' property, with intent to, either
temporarily or permanently deprive the Plaintiff of a right to the property or a benefit
from the property; or appropriate the property to the use of any person not entitled to
the use of the property.

105.    The Plaintiffs requested a copy of the Defendant's document retention policy but
this request was ignored.

106.    The Defendant intentionally and willfully violated the Plaintiff's rights to privacy
and to keep his private and personal records private.

107.    The Defendant engaged in communications with the Plaintiff and deceived him
into disclosing his private information. The Defendant accomplished this by using the
information already available to the Defendant in the public domain to make it appear as

if the Defendant had some legal rights to obtain more of the Plaintiff's private

information, when the Defendant did not have such rights.

108.    After obtaining Plaintiffs' private information, Defendant may have used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the either Plaintiff

109.    The Defendant has or may intend to use the Plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to

the interests of the Plaintiff.

110.    The Defendant intends to use this information to sell the Plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

111.    Since the date of December 12th 2015, and to the best of Plaintiffs' knowledge,

the Defendant has been in possession of Plaintiff's private information, and without the

consent of the Plaintiff and without legal authority.

<div align="center">REQUEST FOR RELIEF</div>

WHEREFORE, Because the Plaintiffs have suffered damages as a direct and proximate result of the Defendant's actions and failures to act;

Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

The Plaintiffs have suffered the loss of the actual fair market value of his home

because the Defendant has been encumbering the Plaintiff's property, before, during

and following the foreclosure thereof. The actual damages are: 1. The fair market

value of Plaintiff's property in the amount of $270,000. 2. The loss of the money

deposited with the lender identified on the mortgage or trust deed lien in the amount of

$350,000.  3. Unauthorized use and retention of Plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE Plaintiff demands judgment against the Defendant in the aggregate amount of damages alleged in the complaint exceed $500,000.00 together with other relief this court deems appropriate.

DATED this __18__ day of August, 2016.

_____
FRED J. HAUPT
Plaintiff, in pro per

_____
BRENDA S. HAUPT
Plaintiff, in pro per



PRIORITY MAIL EXPRESS
POSTAGE REQUIRED

U.S. POSTAGE PAID
SANTA MARIA, CA
93455
AUG 18, 16
AMOUNT
$22.95
R2305H130874-24

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 2016
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FOR DOMESTIC AND INTE
PLACE MAILING LA

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

EL455300805US

UNITED STATES POSTAL SERVICE® | PRIORITY ★ MAIL ★ EXPRESS™

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

CUSTOMER USE ONLY

FROM: (PLEASE PRINT) PHONE 805 406-9418

Fred and Brenda Haupt
1513 Tiffany Park Circle
Santa Maria, CA 93455

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE 213 894-1565

U.S. District Court
Attn: Civil Intake Dept.
312 N. Spring St.
Los Angeles, CA 90012-4701

ZIP + 4® (U.S. ADDRESSES ONLY)
90012

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

ORIGIN (POSTAL SERVICE USE ONLY)

☒ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | |
|---|---|---|
| PO ZIP Code: 93455 | Scheduled Delivery Date (MM/DD/YY): 8-19 | Postage: $ 22.95 |
| Date Accepted (MM/DD/YY): 8-18-16 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☒ 12 NOON | Insurance Fee: $ / COD Fee: $ |
| Time Accepted: 11:05 ☐ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ / Live Animal Transportation Fee: $ |
| Weight: ☐ Flat Rate — 1 lbs. / ozs. | Sunday/Holiday Premium Fee: $ / Acceptance Employee Initials | Total Postage & Fees: $ 22.95 |

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, SEPTEMBER 2015 PSN 7690-02-000-9996 3-ADDRESSEE COPY

JEST

PS10000000005

EP13C July 2013
OD: 11.625 x 15.125

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13C © U.S. Postal Service; July 2013; All rights reserved.

DuPont™ Tyvek® Protect What's Inside.™